UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
CLINTON GEORGE K.,

                    Plaintiff,       <u>DECISION AND ORDER</u>
                                     1:25-cv-03858-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2017, Plaintiff Clinton George K.[1] applied for Disability

Insurance Benefits under the Social Security Act. The Commissioner of

Social Security denied the application.  Plaintiff, represented by the Law

Office of Charles E. and Harry Binder, LLP, Charles E. Binder, Esq., of

counsel, commenced this action seeking judicial review of the denial of

benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties

consented to the jurisdiction of a United States Magistrate Judge. (Docket

No. 7).

This case was referred to the undersigned on April 3, 2026.

Presently pending are the parties' competing requests for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pleadings under 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be granted, and this case is remanded for calculation of benefits.

## I.    BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on January 29, 2017, alleging disability beginning December 17, 2015. (T at 94, 190-91).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on March 8, 2019, before ALJ Michael Werner. (T at 57-93).  On April 24, 2019, ALJ Werner issued a decision denying the application for benefits. (T at 10-31).

The Appeals Council denied Plaintiff's request for review (T at 1-6) and Plaintiff commenced an action in the United States District Court for the Southern District of New York seeking judicial review.

On March 14, 2022, the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, issued a decision reversing the denial of benefits and remanding the matter for further administrative proceedings. (T at 1959-71).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

A second administrative hearing was held before a new ALJ, Sharda Singh, on February 13, 2023. (T at 1884-1929).  Plaintiff appeared with an attorney and testified.  (T at 1894-1917, 1919). The ALJ also received testimony from Jay Steinbrenner, a vocational expert. (T at 1918-27).

B.    ALJ's Decision

On March 31, 2023, ALJ Singh issued a decision denying the application for benefits. (T at 1852-77).  The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on March 31, 2017 (the date last insured) and did not engage in substantial gainful activity between December 17, 2015 (the alleged onset date) and the date last insured. (T at 1858).

The ALJ concluded that, as of the date last insured, Plaintiff's degenerative disc disease of the lumbar and cervical spine; right elbow dysfunction; carpal and cubital tunnel syndromes; and obesity were severe impairments as defined under the Act. (T at 1858).

However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 1858-59).

3

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: He requires a sit and stand option (after 10 minutes of sitting he can stand for one-to-two minutes before sitting back down). He can never climb ladders, ropes, or scaffolds and can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He needs to use his right, dominant hand for a cane with ambulation and balance. He can never reach overhead with the right upper extremity and can only occasionally reach in all other directions with the right hand. He can occasionally perform fine and gross right manipulation with the right, dominant hand and must avoid hazards (e.g., vibration, unprotected heights, moving mechanical parts. (T at 1861).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform his past relevant work as an emergency medical technician or his past relevant work as a pharmaceutical salesperson. (T at 1866).

However, considering Plaintiff's age (49 on the date last insured), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that existed in significant numbers in the

4

national economy that Plaintiff could have performed as of the date last insured. (T at 1867).

As such, the ALJ found that Plaintiff was not under a disability, as defined under the Social Security Act, as of the date last insured, and was not entitled to benefits for the period between December 17, 2015 (the alleged onset date) and March 31, 2017 (the date last insured). (T at 1868).

On March 12, 2025, the Appeals Council denied Plaintiff's request for review, making ALJ Singh's decision the Commissioner's final decision. (T at 1839-40).

C.   Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on May 8, 2025. (Docket No. 1).  On August 7, 2025, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 13).  The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a request for judgment on the pleadings, on December 19, 2025. (Docket No. 17).  On January 2, 20256, Plaintiff submitted a reply brief in further support of his request. (Docket No. 18).

## II.    APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

6

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.    DISCUSSION

Plaintiff's primary challenge to the Commissioner's denial of benefits is focused on the ALJ's decision to discount the opinion of his long-time treating physician.

8

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

A "treating physician" is the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant] ... with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

Treating physician opinions are particularly probative because they "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical evidence alone or from reports of individual examinations." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

Under the regulations applicable here[3], an opinion from a treating physician is afforded controlling weight as to the nature and severity of an

---

[3] In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence.  The revised regulations apply to claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits before that date, the new regulations do not apply here.

impairment, provided the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2); 416.927(d)(2).

To determine how much weight a treating physician's opinion should be given, the ALJ considers the "*Burgess* factors" identified by the Second Circuit: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95–96 (2d Cir. 2019)(following *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)).

The *Burgess* factors are also applied to the opinions of non-treating physicians, "with the consideration of whether the source examined the claimant or not replacing the consideration of the treatment relationship between the source and the claimant." *McGinley v. Berryhill*, No. 17 Civ. 2182, 2018 WL 4212037, at *12 (S.D.N.Y. July 30, 2018).

In the present case, Dr. Samir Sodha, an orthopedic surgeon, completed a lumbar spine impairment questionnaire in January of 2023. Dr. Sodha reported that he had treated Plaintiff approximately every 8 weeks since April of 2016. (T at 6071).  Dr. Sodha opined that Plaintiff

10

could sit for 2 hours in an 8-hour workday, stand/walk for 1 hour in an 8-hour workday, never lift or carry more than 2 pounds, and would be absent from work more than three times per month due to his impairments or treatment. (T at 6073-76).

Dr. Sodha cited positive clinical findings that supported his assessment, including limited range of motion through the entire spine, abnormal gait, muscle atrophy, and sensory loss. (T at 6072). He further opined that Plaintiff could not sit continuously in a work setting, would have his attention and concentration frequently disrupted by pain or other symptoms, and could not keep his neck in a constant position (e.g., looking at a computer screen, looking down at a desk). (T at 6073-76).

The ALJ assigned "little weight" to Dr. Sodha's opinion. (T at 1865). The Court finds that the ALJ's decision cannot be sustained even under the deferential standard of review applicable here.

The ALJ noted, correctly, that Dr. Sodha's assessment was rendered nearly six years after the date last insured. (T at 1865).

Notably, however, Dr. Sodha stated that, in his best medical opinion, Plaintiff had experienced the symptoms and limitations identified in the questionnaire since December 17, 2015 (T at 6077)—the date Plaintiff suffered a workplace injury and the alleged onset date. (T at 1862).

11

Further, while a retrospective assessment may not be considered as persuasive as a contemporaneous evaluation, "[t]he fact that a treating physician did not have that status at the time referenced in a retrospective opinion does not mean that the opinion should not be given some, or even significant weight." *Monette v. Astrue,* 269 F. App'x 109, 113 (2d Cir. 2008).

Indeed, "[d]iagnosis of a claimant's condition for social security disability benefits may properly be made even several years after the actual onset of the impairment and such diagnosis must be evaluated in terms of whether, considered in light of the entire record, it establishes … impairment." *Caldwell v. Comm'r of Soc. Sec.*, No. 19-CV-6534 (OTW), 2020 WL 6162133, at *5 (S.D.N.Y. Oct. 21, 2020), *aff'd,* No. 20-4077-CV, 2022 WL 728661 (2d Cir. Mar. 11, 2022).

Here, Dr. Sodha began treating Plaintiff in April of 2016 (T at 6071) and was a treating provider for nearly the entire period between the alleged onset date and the date last insured.  So, while technically retrospective, Dr. Sodha's assessment was informed by the opportunity to observe and treat Plaintiff during the time period in question.

Moreover, it is well-settled that the "fact that [an opinion] was retrospective [does] not remove it from the reach of the treating-physician rule," which, as noted above, applies here because of the date Plaintiff first

applied for benefits. *Adamik v. Astrue*, No. 07 CIV 10283 JSR HBP, 2009 WL 6337910, at *15 (S.D.N.Y. Aug. 3, 2009), r*eport and recommendation adopted*, No. 07 CIV. 10283 (JSR), 2010 WL 1428121 (S.D.N.Y. Apr. 8, 2010)(collecting cases); *see also Rivera v. Sullivan*, 923 F.2d 964, 968 (2d Cir. 1991)(noting that "claimants have won reversal of adverse decisions … even where their condition is degenerative, making retrospective evaluation of their ability to work somewhat speculative, and even where some … evidence suggests a possible ability to work at the relevant time").

As an additional reason for discounting Dr. Sodha's assessment, the ALJ noted that the treating physician "considered evidence after the date last insured in offering her [*sic*] opinion." (T at 1865).

This finding is problematic in at least three respects.

First, as noted above, Dr. Sodha expressly stated that Plaintiff had experienced the symptoms and limitations he identified since December 17, 2015. (T at 6077).

Second, there is ample evidence from prior to the date last insured, including MRIs and examination findings, that supports Dr. Sodha's opinion. (T at 273-75, 342, 356-57, 375, 399-400, 404-405, 412, 438, 495-96, 539, 689, 788, 792-93, 2326-2327).

Third, to the extent the ALJ questioned whether Dr. Sodha truly intended to assess disabling limitations dating back to the alleged onset date and throughout the relevant period, the proper recourse would have been to re-contact the physician and request clarification. *See Plaza v. Comm'r of Soc. Sec.*, No. 19CV3853 (DF), 2020 WL 6135716, at *23 (S.D.N.Y. Oct. 16, 2020)(finding that ALJ erred when he "substituted his lay opinion for that of the treating physician without first re-contacting the treater for clarification of any perceived inconsistencies between the doctor's opinions and the underlying clinical record"); *Taylor v. Astrue*, No. CV–07–3469, 2008 WL 2437770, at *3 (E.D.N.Y. June 17, 2008) (finding it error for the ALJ to not re-contact Plaintiff's treating physician when he determined that the physician's opinion was "not well-supported by objective medical evidence").

Lastly, although the Commissioner points to other medical opinion evidence of record suggesting less significant restrictions during the relevant period—including assessments from non-examining State Agency review physicians and physicians who examined Plaintiff in connection with his claim for workers' compensation benefits— the ALJ did not find any of the examining or review physician opinions fully persuasive and concluded that the record established a greater degree of limitation. (T at 1863-66).

14

Under these circumstances, for the reasons discussed above, and particularly in light of the applicability of the treating physician's rule, it was error for the ALJ not to provide a sufficient justification for assigning "little weight" to the well-supported, highly detailed assessment of Plaintiff's long-term treating physician.[4] *See Miracolo v. Berryhill*, 286 F. Supp. 3d 476, 497 (E.D.N.Y. 2018)(noted that the treating physician's rule "mandates that the medical opinion of a claimant's treating physician [be] given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence")(quoting *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)).

### B.      Remand

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

---

[4] Plaintiff also challenges the ALJ's Listings analysis and consideration of his subjective complaints. Those arguments are meritorious for essentially the reasons outlined above, as the ALJ's errors in considering Dr. Sodha's opinion undermine the other aspects of the ALJ's decision.

Where the record, as here, is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted. *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

The record in this case is complete and contains persuasive proof of disability, including, in particular, a highly detailed, well-supported assessment from Plaintiff's long-time treating physician.

In addition, Plaintiff's application has been pending for more than six years, and this matter has already been remanded once. While "delay alone is an insufficient basis on which to remand for benefits," *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996), the Commissioner "is not entitled to adjudicate a case ad infinitum until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted).

Moreover, "courts in this Circuit have determined that, where one or more ALJs in a case have repeatedly erred in applying the treating physician rule, remand for further development of the record is unwarranted." *Carlantone v. Colvin*, No. 14-CV-8204 (DF), 2015 WL 9462956, at *14 (S.D.N.Y. Dec. 17, 2015)(collecting cases); *see also*

16

*Jeremy B. v. Comm'r of Soc. Sec.*, No. 2:18-CV-159-JMC, 2019 WL 3297471, at *10 (D. Vt. July 23, 2019) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")(quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED, the Commissioner's request for judgment on the pleadings is DENIED, and this case is REMANDED for calculation of benefits. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: April 9, 2026                    *s/ Gary R. Jones*
                                        GARY R. JONES
                                        United States Magistrate Judge

17